IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES RANDLE, #M27372,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-01191-NJR |
| | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **BRUCE RAUNER,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **KENT BROOKMAN,** | ) | |
| **JASON VASQUEZ,** | ) | |
| **C/O BUMP,** | ) | |
| **C/O WARD,** | ) | |
| **JOHN DOE,** | ) | |
| **MEZZO,** | ) | |
| **DOCTOR TROST,** | ) | |
| **GAIL WALLS,** | ) | |
| **SYLVIA BUTLER,** | ) | |
| **WEATHERFORD,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **and PAPIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Charles Randle, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against fifteen Menard officials who allegedly violated his constitutional rights. Plaintiff initiated this action by filing an unsigned Complaint (Doc. 1) on October 28, 2016. This Court ordered him to refile a properly signed complaint if he intended to proceed, and Plaintiff did so by filing a First Amended Complaint (Doc. 6) on November 14, 2016.

Before the Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order ("TRO")

(Doc. 7). In it, Plaintiff indicates that he intends to amend the First Amended Complaint in order to add claims against the defendants for retaliation, harassment, "and so on" (Doc. 7, pp. 1-2). Plaintiff sets forth a litany of complaints, including claims of retaliation, which exceed the scope of his First Amended Complaint. He seeks a prison transfer and expungement of unspecified "bogus" disciplinary tickets (Doc. 7, pp. 1-5).

The Court will not accept the motion as a piecemeal amendment to the First Amended Complaint, and the allegations do not support his request for injunctive relief at this time. Accordingly, Plaintiff's request for a TRO and/or preliminary injunction will be denied. The Court will allow Plaintiff additional time to prepare and file a Second Amended Complaint, however, if he would like to do so. In the meantime, the Court will refrain from screening the First Amended Complaint pursuant to § 1915A.

## Background

Plaintiff is currently serving a term of forty-five years of imprisonment for murder. In his First Amended Complaint, he alleges that fifteen defendants violated his constitutional rights at Menard. Plaintiff sets forth the following claims against them:

> **Count 1:** **Eighth Amendment claim against Governor Rauner, IDOC Director Baldwin, and Warden Butler for subjecting Plaintiff to unconstitutional conditions of confinement at Menard.**
>
> **Count 2:** **Eighth Amendment claim against Wexford Health Sources, Inc., Governor Rauner, IDOC Director Baldwin, Warden Butler, Doctor Trost, and Nurse Walls for responding to Plaintiff's complaints about a bunion with deliberate indifference.**
>
> **Count 3:** **First and/or Fourteenth Amendment claim against Warden Butler for allowing prison officials to interfere with Plaintiff's phone calls from his attorney in a post-conviction proceeding.**
>
> **Count 4:** **Eighth Amendment claim against Warden Butler, C/O Bump, and C/O Ward for failing to protect Plaintiff from his cellmate,**

      **after Plaintiff was attacked and injured by him in April 2016.**

**Count 5:**  **Fourteenth Amendment claim against C/O Mezzo, C/O John Doe, C/O Kern, C/O Vasquez, C/O Brookman, and Warden Butler for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with segregation based on a false disciplinary ticket for possession of contraband and theft arising from Plaintiff's possession of two spray bottles containing unidentified liquid.**

**Count 6:**  **Illinois state law claim for intentional infliction of emotional distress arising from the decision of Doctor Weatherford, Doctor Butler, Doctor Trost, Nurse Walls, Warden Butler, IDOC Director Baldwin, and Nurse Papis to place Plaintiff in the prison's "boom boom room" for two 5-7 day periods of observation, despite the fact that he was not suicidal and did not require placement in the "strip-down" cell.**

The First Amended Complaint alludes to other legal claims against the defendants, however, the above list is limited to those claims that Plaintiff specifically identified.

## Motion for TRO and Preliminary Injunction

In his Motion for TRO and Preliminary Injunction, Plaintiff sets forth a miscellaneous list of complaints. Some are included in the First Amended Complaint; others are not.

For example, Plaintiff complains about "threats of . . . past, present, and future harm by the defendants" and their coworkers (Doc. 7, p. 1). Yet he identifies no actual or perceived threats in the motion. His First Amended Complaint also includes no reference to any.

Plaintiff complains that the defendants and their coworkers retaliated against him (*id.*). But he does not describe any protected conduct on his part or any retaliatory conduct on the part of these individuals. Further, the First Amended Complaint includes no retaliation claim against any of the defendants.

Plaintiff complains that his daughter and sister unsuccessfully attempted to visit him at the prison on September 24, 2016. After arriving at the prison, Plaintiff's daughter was turned

away, and his "disabled sister" was required to stand for three hours before she was allowed into the prison. Plaintiff claims that this incident caused his daughter and sister to suffer irreparable harm for which they have no legal remedy (*id*. at 2). Plaintiff has no standing to bring a claim on behalf of his daughter or sister in this civil rights action. He is a *pro se* litigant and cannot represent either individual in this legal action. *Smego v. Dimas*, 2015 WL 6689701 at *2 (C.D. Ill. Nov. 2, 2015) (collecting cases). Moreover, the First Amended Complaint mentions nothing about this incident.

Plaintiff goes on to complain about two incidents that are described in the First Amended Complaint. On two occasions, Plaintiff was placed in a "boom boom room" at Menard. He describes the room as a "strip-down" cell for suicidal inmates. Twice, he was held in this room for a period of 5-7 days, during which time he was stripped of his clothing and served "finger food" because he wrote a letter that "hurt" the feelings of his mental health provider (Doc. 7, pp. 2-3). The experience caused Plaintiff to suffer emotional distress. In the motion, Plaintiff offers no allegations suggesting that these incidents occurred recently or are likely to occur again.

Plaintiff also describes an attack by his former cellmate that occurred on March 23, 2016 (*id*. at 3). Plaintiff sustained unspecified injuries that were photographed, but he has no access to the photos (*id*. at 4). He was removed from protective custody, but he does not reveal when this occurred (*id*. at 3). Although he is no longer housed near his attacker, Plaintiff alleges that he has come into contact with fellow gang members of the attacker. These fellow gang members have allegedly threatened him, harassed him, and stolen his property. Plaintiff also mentions feeling uncomfortable around some of them. But he offers no specific information about the nature of the threats, including particular threats of harm directed at him or dates when he encountered these individuals. He also fails to indicate whether he notified any of the defendants about these

threats.

Finally, he asks the Court to transfer him to another prison and expunge his disciplinary tickets (*id*. at 5). Plaintiff describes the disciplinary tickets as "bogus," but he offers no other information about them (*id*.). The First Amended Complaint only mentions a single disciplinary ticket.

## Discussion

It is clear from Plaintiff's motion that he intends to expand the scope of his claims. The motion focuses on complaints that are not even mentioned in the First Amended Complaint. As explained above, however, the Court does not accept piecemeal amendments to a complaint. If Plaintiff intends to amend the First Amended Complaint, as he indicates, he must do so by preparing a Second Amended Complaint that stands on its own without reference to the First Amended Complaint. He also must refile any exhibits he intends to include with the Second Amended Complaint.

Further, the allegations in the motion do not support the issuance of a TRO or preliminary injunction at this time. A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). This form of relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff has not demonstrated that he faces any immediate or irreparable injury or loss that warrants this drastic form of relief. *See* FED. R. CIV. P. 65(b)(1)(A). Further, the Court cannot conclude that he is likely to succeed on the merits of any claims, as most of his complaints arise from incidents that are not even addressed in the First Amended Complaint. As for his other claims (e.g., his placement in the "boom boom room" and the attack by his cellmate), Plaintiff offers no allegations suggesting that he faces a substantial risk of injury that can be addressed through the issuance of a TRO or preliminary injunction. Many of his allegations are vague and fail to address the conduct of any particular defendant. Time and again, Plaintiff offers no indication of when relevant events occurred. Without this basic information, the Court cannot fully assess his claims or his request for injunctive relief.

Plaintiff has put forth insufficient allegations in support of his request for injunctive relief. Should his situation change during the pending action, necessitating emergency intervention by the Court, Plaintiff may file a new motion for TRO and/or preliminary injunction pursuant to Rule 65(a)-(b). At this time, the motion shall be **DENIED** without prejudice.

### Second Amended Complaint

Although the Court has not yet screened the original unsigned Complaint (Doc. 1) or the superseding First Amended Complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A, doing so now

would be premature and a waste of judicial resources. Plaintiff has made it clear that he intends to prepare and file a Second Amended Complaint. Given that this case was only recently filed and no defendants have yet been served, the Court will grant Plaintiff an opportunity to file a Second Amended Complaint before screening the case under § 1915A. If he chooses to do so, Plaintiff must comply with the deadline and instructions set forth in the below disposition.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 7) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **January 5, 2017**, Plaintiff shall file a Motion for Leave to File Second Amended Complaint along with a proposed Second Amended Complaint. He must list *this* case number, *i.e.*, No. 16-cv-01191-NJR, on the first page of each pleading. Plaintiff is strongly encouraged to use this District's standard civil rights complaint form when preparing his Second Amended Complaint. Further, Plaint should only bring *related* claims against *common* defendants. Any claims found to be unrelated to one another and/or against different groups of defendants will be severed into one or more new cases at the Court's discretion, and Plaintiff will be assessed a separate filing fee in each case. If Plaintiff chooses not to file a Second Amended Complaint or fails to comply with the deadline and/or instructions set forth in this Order, the Court will screen the First Amended Complaint pursuant to 28 U.S.C. § 1915A after the expiration of this deadline. The Clerk is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form for use in preparing the Second Amended Complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven**

**(7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 8, 2016**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**