IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES RANDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-1191-NJR-DGW |
| | ) |
| KIMBERLY BUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction or TRO (Doc. 14) and Plaintiff's Motion for Emergency Order of Protection (Doc. 61). For the reasons set forth below, it is **RECOMMENDED** that the Motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Charles Randle, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff set forth a number of allegations complaining of the conditions of his confinement, lack of adequate medical care, lack of adequate access to the courts and due process, and the failure of prison officials to protect him from an attack by his cellmate. Plaintiff's complaint was screened

pursuant to 42 U.S.C. § 1983 and he was allowed to proceed on the following claims:

> Count One: Eighth Amendment claim against IDOC Director Baldwin and Warden Butler for subjecting Plaintiff to unconstitutional conditions of confinement at Menard by placing two inmates in a cell designed for only one, with double bunks and limited exercise opportunities outside of the cell.
>
> Count Two: Eighth Amendment claim against Wexford, Director Baldwin, Warden Butler, Doctor Trost, and Nurse Walls for exhibiting deliberate indifference to Plaintiff's bunion.
>
> Count Four: Eighth Amendment claim against Warden Butler, C/O Bump, and C/O Ward for failing to protect Plaintiff from his cellmate after Plaintiff was attacked and injured by him in 2016.
>
> Count Six: Eighth Amendment deliberate indifference and/or intentional infliction of emotional distress claim arising from the denial of adequate mental health treatment by Wexford, Doctor Weatherford, Doctor S. Butler, Doctor Trost, Nurse Walls, Warden Butler, Director Baldwin, and Nurse Papis.

On March 17, 2017, Plaintiff filed a motion for preliminary injunction or TRO (Doc. 14) asking the Court to order the Director of the IDOC to transfer him from Menard and expunge any bogus tickets that have been issued to him. In his motion, Plaintiff describes various incidents that occurred at Menard and asserts that he can show Defendants and their co-workers have engaged in retaliatory acts against him. In particular, Plaintiff complains that his daughter and sister encountered difficulties when they went to visit him on September 24, 2016. Plaintiff also complains that officials are assigning him to cells with individuals who are affiliated with the same gang as his previous cellmate who assaulted him. Finally, Plaintiff complains about the size of the cell he is currently housed in and asserts that he was previously confined to a cold observation room for two days by Defendant Dr. Sylvia Butler.

Plaintiff filed a supplement to his motion on August 9, 2017 (Doc. 47) asserting further

retaliatory acts at Menard had occurred. In particular, Plaintiff complains that "his victim's brother" is also at Menard and their paths have crossed a number of times. Plaintiff indicates that a number of his personal items were destroyed on August 3, 2017 after repairs were made to his cell and at a later date some of his commissary purchases were thrown away. Plaintiff also asserts that an "Orange Crush" officer made him perform sexual acts on himself.

Plaintiff was transferred from Menard to Stateville Correctional Center ("Stateville") on or about August 23, 2017 (*See* Doc. 51). On September 19, 2017, the Court ordered Plaintiff to show cause as to why his motion for preliminary injunction or TRO should not be found moot in light of his institutional transfer. Plaintiff filed an emergency motion for an order of protection on October 5, 2017 (Doc. 61) as well as a response to the Court's show cause order on October 27, 2017 (Doc. 65). In his emergency motion for order of protection, Plaintiff recounts an incident that occurred on October 2, 2017 wherein he was prevented from going to the law library by prison officials and subsequently sent to segregation and physically harmed by Lt. Lang. In his response to the Court's show cause order, Plaintiff appended a letter to update the Court on issues related to his confinement in segregation. In particular, Plaintiff asserts that he has not received medical and mental health treatment despite lodging requests for the same. With regard to his response, Plaintiff asserted that his motion for preliminary injunction and TRO should not be found moot as he requested money damages in his underlying suit, the violations alleged are "capable of repetition," his conditions of confinement at Stateville are "far worse" than the conditions at Menard and Defendants and their co-workers have knowledge of such conditions, and he suffers from serious medical needs that are still not being addressed. Plaintiff asks the Court to order Defendants to provide Plaintiff with shoes to accommodate his bunion and send Plaintiff to an

outside hospital for an MRI or an "appropriate procedure" to address his defective hernia mesh.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary

injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. In his motion for preliminary injunction, Plaintiff requested a transfer out of Menard and an expungement of any bogus tickets that were issued to him at Menard. As Plaintiff has been transferred to Stateville, his request for a transfer is clearly moot. Further, as Plaintiff's claims in this matter have no relation to any issuance of "bogus tickets," Plaintiff's request for an expungement of said tickets has no merit.

In his subsequent filings, Plaintiff complains of the conditions of his confinement and recent incidents that have occurred at Stateville. Plaintiff contends that these incidents are related to this lawsuit as Defendants and their coworkers have direct knowledge of the conditions at Stateville and the issues with his medical conditions are ongoing. Plaintiff provides no evidence to support this claim. Further, Plaintiff's requested injunctive relief concerning his defective mesh hernia is a new issue unrelated to the claims pending in this lawsuit. As set forth above, a motion for preliminary injunction is not an appropriate avenue to bring new claims against new defendants. For this reason, Plaintiff's request for injunctive relief related to his hernia is

improper.

Plaintiff's requested injunctive relief concerning medical treatment for his bunion, while tangentially related to Count Two, raises issues that are distinct from those in the underlying lawsuit and complains about the conduct of individuals who are not defendants in this lawsuit. *See e.g. Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (finding that the plaintiff could not seek injunctive relief with respect to kosher meals at a facility and during a time period not listed in the complaint, even though the issue of kosher meals at a different facility served the basis of his complaint). Accordingly, Plaintiff's request for said relief is also improper.

Although it is recommended that Plaintiff's request for injunctive relief be denied, he is not without recourse. If Plaintiff wishes to pursue claims against any prison officials or medical personnel for incidents that have occurred at Stateville, he should file a new lawsuit, if appropriate, and seek injunctive relief therein.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction or TRO (Doc. 14) and Plaintiff's Motion for Emergency Order of Protection (Doc. 61) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 2, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**