IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES RANDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-01191-NJR-DGW |
| | ) |
| KIMBERLY BUTLER, JOHN BALDWIN, | ) |
| C/O BUMP, C/O WARD, JOHN DOE, | ) |
| DOCTOR TROST, GAIL WALLS, | ) |
| SYLVIA BUTLER, WEATHERFORD, | ) |
| WEXFORD HEALTH SOURCES, INC. | ) |
| and PAPIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 66), which recommends denying the Motion for Preliminary Injunction or TRO (Doc. 14) and the Motion for Emergency Order of Protection (Doc. 61) filed by Plaintiff Charles Randle. For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

Randle, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Stateville Correctional Center, filed this lawsuit alleging his constitutional rights were violated while he was housed at Menard Correctional Center. After the complaint was screened pursuant to 42 U.S.C. § 1983, Randle was permitted to proceed on four claims: an Eighth Amendment claim against IDOC Director Baldwin and Warden Butler for subjecting Randle to unconstitutional conditions of confinement at Menard by placing two inmates in a cell designed for only one and with limited

exercise opportunities outside the cell (Count I); an Eighth Amendment claim against Wexford, Director Baldwin, Warden Butler, Doctor Trost, and Nurse Walls for exhibiting deliberate indifference to Randle's bunion (Count II); an Eighth Amendment claim against Warden Butler, C/O Bump, and C/O Ward for failing to protect Randle from his cellmate after being attacked and injured by him in 2016 (Count IV); and an Eighth Amendment deliberate indifference and/or intentional infliction of emotional distress claim arising from the denial of adequate mental health treatment by Wexford, Doctor Weatherford, Doctor S. Butler, Doctor Trost, Nurse Walls, Warden Butler, Director Baldwin, and Nurse Papis (Count VI).

On March 17, 2017, Randle filed a Motion for Preliminary Injunction or TRO asking the Court to order the Director of the IDOC to transfer him from Menard and to expunge any bogus tickets that have been issued to him (Doc. 14). Within the motion, Randle details several incidents that he claims were retaliatory, complains about the size of his cell, and asserts that prison officials assigned him to cellmates who were in the same gang as his former cellmate who assaulted him (*Id.*). Randle supplemented his motion on August 9, 2017, asserting additional acts of retaliation including the destruction of his personal items (Doc. 47). He also claims an "Orange Crush" officer made him perform "sexual like" acts on himself (*Id.*).

Randle was transferred from Menard to Stateville on August 23, 2017 (Doc. 51). In light of his transfer, Magistrate Judge Wilkerson ordered Randle to show cause as to why his motion—in which he asked the Court to order his transfer—should not be found moot. Randle responded by filing an Emergency Motion for Order of Protection

(Doc. 61), as well as a separate response to the Court's order to show cause (Doc. 65). The emergency motion for order of protection described incidents that allegedly occurred at Stateville, while his response to the order to show cause argued that his motion for preliminary injunction/TRO is not moot because the violations are capable of repetition, his conditions of confinement at Stateville are "far worse" than at Menard, and his serious medical needs, including a bunion and defective hernia mesh, are being neglected at Stateville.

On this record, Magistrate Judge Wilkerson recommended that Randle's motions be denied (Doc. 66). In his motion for preliminary injunction, Randle requested a transfer from Menard and an expungement of any bogus tickets that were issued to him. Because Randle has since been transferred from Menard, Magistrate Judge Wilkerson found that request to be moot. Furthermore, because Randle's claims in this case do not reference any "bogus tickets," his request for an expungement of these alleged tickets has no merit. As to Randle's additional claims regarding events at Stateville, Magistrate Judge Wilkerson found that a motion for preliminary injunction is not an appropriate avenue to bring new claims against new defendants. Magistrate Judge Wilkerson did note, however, that Randle may pursue a new lawsuit, if appropriate, against any prison officials or medical personnel at Stateville and seek injunctive relief in that case. The Report and Recommendation was entered on November 2, 2017 (Doc. 66). Randle sought and received an extension of time to object to the Report and Recommendation (Docs. 71-73), but ultimately no objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Randle's motion, the record, and Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and finds no clear error. Randle has failed to sufficiently demonstrate that he will suffer imminent, irreparable harm absent preliminary injunctive relief. As Magistrate Judge Wilkerson explained, Randle has already been transferred out of Menard, so his request for the same is moot. Further, his request to have any "bogus tickets" expunged has no relation to any claims pending in the underlying lawsuit and thus must fail. And, to the extent he raises new claims related to his confinement or medical treatment at Stateville, those claims are improper. Should Randle wish to pursue any claims against staff at Stateville or any other person not named in the complaint, he should file a new lawsuit. The Court agrees with Magistrate Judge Wilkerson that, in this instance, there is no

justification for the "extraordinary and drastic remedy" of injunctive relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 66) in its entirety and **DENIES** the Motion for Preliminary Injunction or TRO (Doc. 14) and the Motion for Emergency Order of Protection (Doc. 61) filed by Plaintiff Charles Randle.

**IT IS SO ORDERED.**

**DATED:   January 3, 2018**

s/ Nancy J. Rosenstengel\_\_\_\_\_
**NANCY J. ROSENSTENGEL
United States District Judge**