# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES RANDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-CV-01191-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER, JOHN BALDWIN, | ) | |
| C/O BUMP, C/O WARD, JOHN DOE, | ) | |
| DOCTOR TROST, GAIL WALLS, | ) | |
| SYLVIA BUTLER, WEATHERFORD, | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| and PAPIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 66), which recommends denying the Motion for Preliminary Injunction or TRO (Doc. 14) and the Motion for Emergency Order of Protection (Doc. 61) filed by Plaintiff Charles Randle. For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

Randle, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Stateville Correctional Center, filed this lawsuit alleging his constitutional rights were violated while he was housed at Menard Correctional Center. After the complaint was screened pursuant to 42 U.S.C. § 1983, Randle was permitted to proceed on four claims: an Eighth Amendment claim against IDOC Director Baldwin and Warden Butler for subjecting Randle to unconstitutional conditions of confinement at Menard by placing two inmates in a cell designed for only one and with limited

exercise opportunities outside the cell (Count I); an Eighth Amendment claim against Wexford, Director Baldwin, Warden Butler, Doctor Trost, and Nurse Walls for exhibiting deliberate indifference to Randle's bunion (Count II); an Eighth Amendment claim against Warden Butler, C/O Bump, and C/O Ward for failing to protect Randle from his cellmate after being attacked and injured by him in 2016 (Count IV); and an Eighth Amendment deliberate indifference and/or intentional infliction of emotional distress claim arising from the denial of adequate mental health treatment by Wexford, Doctor Weatherford, Doctor S. Butler, Doctor Trost, Nurse Walls, Warden Butler, Director Baldwin, and Nurse Papis (Count VI).

On March 17, 2017, Randle filed a Motion for Preliminary Injunction or TRO asking the Court to order the Director of the IDOC to transfer him from Menard and to expunge any bogus tickets that have been issued to him (Doc. 14). Within the motion, Randle details several incidents that he claims were retaliatory, complains about the size of his cell, and asserts that prison officials assigned him to cellmates who were in the same gang as his former cellmate who assaulted him (*Id.*). Randle supplemented his motion on August 9, 2017, asserting additional acts of retaliation including the destruction of his personal items (Doc. 47). He also claims an "Orange Crush" officer made him perform "sexual like" acts on himself (*Id.*).

Randle was transferred from Menard to Stateville on August 23, 2017 (Doc. 51). In light of his transfer, Magistrate Judge Wilkerson ordered Randle to show cause as to why his motion—in which he asked the Court to order his transfer—should not be found moot. Randle responded by filing an Emergency Motion for Order of Protection

(Doc. 61), as well as a separate response to the Court's order to show cause (Doc. 65). The emergency motion for order of protection described incidents that allegedly occurred at Stateville, while his response to the order to show cause argued that his motion for preliminary injunction/TRO is not moot because the violations are capable of repetition, his conditions of confinement at Stateville are "far worse" than at Menard, and his serious medical needs, including a bunion and defective hernia mesh, are being neglected at Stateville.

On this record, Magistrate Judge Wilkerson recommended that Randle's motions be denied (Doc. 66). In his motion for preliminary injunction, Randle requested a transfer from Menard and an expungement of any bogus tickets that were issued to him. Because Randle has since been transferred from Menard, Magistrate Judge Wilkerson found that request to be moot. Furthermore, because Randle's claims in this case do not reference any "bogus tickets," his request for an expungement of these alleged tickets has no merit. As to Randle's additional claims regarding events at Stateville, Magistrate Judge Wilkerson found that a motion for preliminary injunction is not an appropriate avenue to bring new claims against new defendants. Magistrate Judge Wilkerson did note, however, that Randle may pursue a new lawsuit, if appropriate, against any prison officials or medical personnel at Stateville and seek injunctive relief in that case.

The Report and Recommendation was entered on November 2, 2017 (Doc. 66). After Randle moved the Court for an extension of time to object to the Report and Recommendation (Docs. 71, 72), the deadline to file objections was extended to December 20, 2017 (Doc. 73). On January 2, 2017, the Court received Randle's objection

to the Report and Recommendation, which was dated December 17, 2017 (Doc. 82) and, thus, was timely filed. *See Rutledge v. U.S.*, 230 F.3d 1041, 1052 (7th Cir. 2000) (holding that pleadings by *pro se* prisoners are dependent on the prison mail system to reach their destination, and therefore will be considered timely filed when a prisoner places them in that system).

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

Randle's objection to Magistrate Judge Wilkerson's Report and Recommendation admits that his Motion for Preliminary Injunction or TRO (Doc. 14) should be denied. He instead argues that another Motion for Preliminary Injunction and/or Temporary Restraining Order he filed (Doc. 12) should be addressed by the Court. He also objects to Magistrate Judge Wilkerson's conclusion that Randle must file another lawsuit just because different Wexford employees are acting with deliberate indifference to his serious medical needs with regard to his bunion. Randle further asks the Court to hold a motion hearing to "address all motions filed by the plaintiff" because the issues he has

raised are being "misconstrued [and] misinterpreted, among other things."

Having reviewed the record, Magistrate Judge Wilkerson's Report and Recommendation, and Randle's objection, the Court agrees with Magistrate Judge Wilkerson that an injunction should not issue. First, Randle admits that his motion for injunctive relief at Doc. 14 should be denied. As Magistrate Judge Wilkerson explained, Randle has already been transferred out of Menard, so his request for the same is moot. Further, his request to have any "bogus tickets" expunged has no relation to any claims pending in the underlying lawsuit; therefore, it must fail.

Randle next asks the Court to review his motion for injunctive relief filed at Doc. 12. The Court notes that this motion was thoroughly addressed and denied by the Court's Order of March 17, 2017 (Doc. 13). Nevertheless, a review of Randle's motion indicates that he sought an order directing the Director of IDOC to transfer him from Menard to another facility. Again, because Randle has since been transferred out of Menard, his request is moot.

Randle also objects to Magistrate Judge Wilkerson's conclusion that Randle must file another lawsuit if he wants to sue different Wexford employees at another prison for acting with deliberate indifference to his serious medical needs with regard to his bunion. While Magistrate Judge Wilkerson noted that this claim against Wexford employees at Stateville regarding his bunion is *tangentially* related to his claim against Wexford employees at Menard, he concluded that the requested injunctive relief raises issues distinct from those in the underlying lawsuit and complains about individuals who are not defendants in case. Thus, an injunction would be improper.

Under the law of this Circuit, multiple claims against a single party are fine, but unrelated claims against different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Defendants may only be joined in one action if the right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions or occurrences. FED. R. CIV. P. 20 (a)(2)(A). Here, Randle's claims of deliberate indifference with regard to staff at Menard do not arise out of the same occurrence as his claims regarding Dr. Obassi's actions (or any other employee's actions) at Stateville. Thus, it would be improper to join Dr. Obassi or any other Stateville employees in this lawsuit.

Furthermore, the Court agrees that an injunction directing Stateville employees to take certain actions would be improper in this matter. Generally, a preliminary injunction only binds parties, their officers, agents, or employees, and "other persons who are in active concert or participation with" the parties or their officers, agents, or employees. FED. R. CIV. P. 65(d)(2). A preliminary injunction can also bind non-parties in "privity" with the defendants, but only those who are "so identified in interest" with the defendants that it is reasonable to conclude that their "rights and interests have been represented and adjudicated in the original injunction proceeding." *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 849 (7th Cir. 2010) (internal quotation and citation omitted). A court "may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who acted independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13 (1945).

Here, Randle has not shown how Wexford employees at Stateville are "so identified in interest" with the named defendants that it is reasonable to conclude their rights and interests have been represented and adjudicated in this case. That is particularly true considering Randle's deliberate indifference claims turn on Defendants' specific mental states. *Zaya v. Sood*, 836 F.3d 800, 807 (7th Cir. 2016); *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015). The mental states of the Defendants in this lawsuit cannot be imputed to Wexford employees at another prison. Should Randle wish to pursue any claims against staff at Stateville, he should file a new lawsuit after exhausting his administrative remedies at that prison.

Finally, Randle asks the Court to hold a hearing to "address all motions filed by the plaintiff" because the issues he has raised are being misconstrued and misinterpreted. The Court finds no need to hold a hearing at this point, as it is confident it understands Randle's motions and the issues they have raised.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 66) in its entirety and **DENIES** the Motion for Preliminary Injunction or TRO (Doc. 14) and the Motion for Emergency Order of Protection (Doc. 61) filed by Plaintiff Charles Randle. All objections to the Report and Recommendation are **OVERRULED**.

**IT IS SO ORDERED.**

**DATED:   January 4, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**