# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES RANDLE, #M27372, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-01191-NJR |
| | ) |
| KIMBERLY BUTLER, | ) |
| JOHN BALDWIN, | ) |
| C/O BUMP, | ) |
| C/O WARD, | ) |
| JOHN DOE, | ) |
| DOCTOR TROST, | ) |
| GAIL WALLS, | ) |
| SYLVIA BUTLER, | ) |
| WEATHERFORD, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| and PAPIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court is Plaintiff Charles Randle's Motion to Reconsider Order Referring Case. (Doc. 22). Plaintiff seeks reinstatement of Count 5, a Fourteenth Amendment claim for the deprivation of a protected liberty interest without due process of law against five officials at Menard. (Doc. 6, pp. 15-19; Doc. 13, p. 11). This claim was dismissed without prejudice at screening because the allegations in the First Amended Complaint failed to state a claim upon which relief may be granted against the defendants. (Doc. 13, pp. 20-22, 26). Plaintiff asks the Court to reinstate Count 5 based on additional allegations he presents in his Motion. (Doc. 13). For the reasons set forth below, the Motion to Reconsider is denied.

## Background

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In his First Amended Complaint, he brought six claims against fifteen officials who allegedly violated his rights at Menard Correctional Center ("Menard") in 2015-16. (Doc. 6). Four claims (*i.e.*, Counts 1, 2, 4, and 6) survived preliminary review, and two claims (*i.e.*, Counts 3 and 5) did not. (Doc. 13). Plaintiff seeks reinstatement of Count 5, which is a Fourteenth Amendment claim for deprivation of a protected liberty interest without due process of law against C/O Mezzo, C/O John Doe, C/O Vasquez, C/O Brookman, and Warden Butler (Count 5).

In the First Amended Complaint, Plaintiff alleges that he was issued a false disciplinary ticket for theft and possession of contraband on October 27, 2015. (Doc. 6, pp. 15-19). On that date, an officer searched Plaintiff and found two bottles of liquid tied to his waist. (Doc. 6, p. 15). He received a ticket for possessing what "appeared to be" bottles filled with bleach and dishwasher soap, even though the officer did not open the bottles, smell them, or test the contents. *Id*. Plaintiff attended an adjustment committee hearing before Officers Vasquez and Brookman around November 4, 2015. (Doc. 6, pp. 15-16). He was found guilty of both rule violations based on the officer's statement. (Doc. 6, p. 16). He received one month of segregation, a one month demotion to C grade, and a one month commissary restriction. (Doc. 6, p. 16; Doc. 6-1, p. 4).

C/O Mezzo and C/O John Doe placed Plaintiff in segregation with a cellmate who had recently been quarantined for chicken pox. (Doc. 6, pp. 18-19). The officers disregarded the rules for double-celling contagious and non-contagious inmates. (Doc. 6, p. 19). In addition, the cell was filthy, and Plaintiff was given no cleaning supplies. *Id*.

The Court screened Count 5 and found no protected liberty interest and no due process violation. (Doc. 13, pp. 20-22, 26). The Court explained that due process protections are not triggered in the first place, unless a protected liberty interest is at stake. A protected liberty interest may arise when confinement in segregation "impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts consider two factors when analyzing this issue: "the combined import of the duration of segregative confinement *and* the conditions endured." *Hardaway*, 734 F.3d at 743 (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original)). Plaintiff was in segregation for only one month and did not describe conditions that were atypical or unusually harsh. Given this, the Court found that no protected liberty interest was at stake. Therefore, Plaintiff had no right to due process of law, and the First Amended Complaint pointed to no due process violation. On this basis, Count 5 was dismissed without prejudice.

**Motion to Reconsider**

In the Motion to Reconsider, Plaintiff asks the Court to reinstate Count 5 based on additional factual allegations he sets forth against the defendants and others. Plaintiff claims that his due process rights were violated by Officer Kern on the date he issued Plaintiff a false disciplinary ticket. (Doc. 22, p. 2). Plaintiff informed the officer that the bottles contained spring water, which he purchased from Menard's commissary. *Id*. Officer Kern told Plaintiff that it was his "unlucky day" and issued him a ticket for theft. *Id*. Plaintiff later learned that the officer also cited him for possession of contraband. *Id*. The Adjustment Committee, including Officers

Brookman and Vasquez, relied on Officer Kern's statement, and no other evidence, when finding Plaintiff guilty of theft and possession of contraband. (Doc. 22, pp. 3-4).

Plaintiff offers additional details about the conditions in segregation. C/O Mezzo and C/O Doe (whom he now identifies as C/O Dunbar) escorted him to a cell with a foul odor on November 4, 2015. (Doc. 22, p. 5). Human feces and toilet tissue were caked around the rim of the toilet. *Id*. The entire cell was dirty, and Plaintiff was denied access to cleaning supplies. *Id*. His request for a different cell was denied, even after Plaintiff stated that he suffered from a mental illness. *Id*. He endured these conditions for five days before being moved to another cell. *Id*.

Around November 9, 2015, C/O Mezzo and C/O Dunbar moved Plaintiff into a cell with a mentally ill cellmate who was suffering from chicken pox. (Doc. 22, p. 8). He still had sores all over his body "that looked like scabies," and he smelled of "rotting flesh." *Id*. The cellmate informed Plaintiff that his condition was contagious. *Id*. Exposure to this inmate caused Plaintiff to become delusional and paranoid, although he never contracted chicken pox or any other skin condition. *Id*. Plaintiff's cellmate was released from segregation on November 12, 2015. (Doc. 1, p. 9). When Plaintiff asked to speak with a mental health professional about his deteriorating mental health, C/O Dunbar threatened to spray him with pepper spray. *Id*.

Plaintiff was transferred into a cell with a different inmate for the remainder of the 30-day punishment period. (Doc. 22, p. 9). Although this inmate had a history of fighting, he was "cool with" Plaintiff. *Id*. The two inmates lived together without incident. *Id*. Based on these additional facts, Plaintiff seeks reinstatement of Count 5. (Doc. 22).

**Discussion**

A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables and standards govern these motions.

Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 F. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A Rule 59(e) motion must be filed within 28 days of the order being challenged.

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 F. App'x at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995); *see also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988) (internal marks omitted) (describing a Rule 60(b) ruling as "discretion piled upon discretion")). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

Although Plaintiff's motion is considered timely under Rules 59(e) and 60(b), he is not entitled to relief under either. Plaintiff presents additional allegations in support of Count 5. The

allegations are not "new," however, as required by Rules 59 and 60. Both rules authorize relief from a judgment or order for *newly discovered evidence that was not previously available*. The information offered by Plaintiff was available at the time he filed his Complaint and his First Amended Complaint, so the allegations do not constitute "newly discovered evidence" within the meaning of Rule 59 or 60. This type of motion cannot be used to present evidence or allegations that could have been presented before the challenged order or judgment was entered. *Sigsworth*, 487 F.3d at 512. This is exactly what Plaintiff has attempted to do.

The allegations also fail to establish any factual or legal error in the disposition of Plaintiff's claim. He has pointed to no other manifest error of law or fact, excusable neglect, or otherwise, that warrants a different outcome under Rule 59 or 60. The Motion to Reconsider must therefore be denied.

Plaintiff is not without recourse. The Order Referring Case dismissed Count 5 *without prejudice*. This means that Plaintiff is free to re-plead Count 5 in this or another action. To do so in this case, Plaintiff must file an amended complaint, and he has been granted leave to do so **on or before March 2, 2018**.

## Disposition

For the reasons set forth above, Plaintiff's Motion to Reconsider Order Referring Case (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 16, 2018**

_____
**NANCY J. ROSENSTENGEL
United States District Judge**