IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES RANDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-CV-1191-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER, JOHN BALDWIN, C/O BUMP, C/O WARD, DR. JOHN TROST, GAIL WALLS, SYLVIA BUTLER, DR. JACOB WEATHERFORD, WEXFORD HEALTH SOURCES, INC., and MELISSA PAPPAS, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 111) regarding the Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies, filed by Defendants Melissa Pappas, Dr. Jacob Weatherford, Dr. John Trost, and Wexford Health Sources, Inc. (Doc. 78). The Report and Recommendation recommends the Court grant Defendants' motion. No objection to the Report and Recommendation was filed.

Plaintiff Charles Randle filed this civil rights action under 42 U.S.C. § 1983 against 15 defendants alleging they violated his constitutional rights while he was incarcerated at Menard Correctional Center during 2015 and 2016 (Doc. 6). As relevant to the current motion, Randle claims he was repeatedly denied mental health treatment for his depression as well as treatment for a bunion, in violation of the Eighth Amendment (*Id.*).

On November 17, 2017, Defendants Pappas, Weatherford, Trost and Wexford filed the pending motion for summary judgment, arguing Randle did not exhaust his administrative remedies before filing this lawsuit against them (Doc. 78). Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on May 29, 2018 (Doc. 102). After considering the evidence in the record as well as the testimony at the *Pavey* hearing, Magistrate Judge Wilkerson concluded that Randle did not exhaust his administrative remedies with regard to these Defendants because his only relevant grievance was never appealed to the Administrative Review Board before he filed this lawsuit.

Because no party has filed an objection, the undersigned need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.[1] Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 111) and **GRANTS** the Motion for Summary

---

[1] The Court notes one exception: Magistrate Judge Wilkerson recommended dismissing these Defendants with prejudice, but a dismissal under 42 U.S.C. § 1997e(a) must be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Therefore, the Court does not adopt this specific recommendation.

Judgment filed by Defendants Melissa Pappas, Dr. Jacob Weatherford, Dr. John Trost, and Wexford Health Sources, Inc. (Doc. 78). These Defendants are **DISMISSED without prejudice,** and the Clerk's Office is **DIRECTED** to terminate them as parties to this action.

After dismissal of these Defendants, the claims remaining in this case are:

**Count 1 -** Eighth Amendment claim against Director John Baldwin and Warden Kimberly Butler for subjecting Plaintiff to unconstitutional conditions of confinement at Menard by placing two inmates in a cell designed for only one, with double bunks and limited exercise opportunities outside of the cell.

**Count 2 -** Eighth Amendment claim against Director Baldwin, Warden Butler, and Nurse Gail Walls for exhibiting deliberate indifference to Plaintiff's bunion.

**Count 4 -** Eighth Amendment claim against Warden Butler, C/O Bump, and C/O Ward for failing to protect Plaintiff from his cellmate, after Plaintiff was attacked and injured by him in 2016.

**Count 6 -** Eighth Amendment deliberate indifference and/or intentional infliction of emotional distress claim arising from the denial of adequate mental health treatment by Dr. S. Butler, Nurse Walls, Warden Butler, and Director Baldwin.

**IT IS SO ORDERED.**

DATED:   August 8, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**