IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES RANDLE, #M27372,<br><br>                    Plaintiff,<br><br>v.<br><br>KIM BUTLER, *et al.*,<br><br>                    Defendants. | Case No. 16-cv-01191-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Proceeding *pro se*, Charles Randle, currently incarcerated at Stateville Correctional Center, filed this lawsuit alleging his constitutional rights were violated while he was housed at Menard Correctional Center. On August 2, 2018, the Court recruited Attorney Thomas Pender to represent Randle for the remainder of the case.[1] (Doc. 123). On April 19, 2019, Randle filed a Motion to Terminate Counsel. Randle argued that Pender refused to amend and supplement the complaint and did not give him enough time to prepare for a deposition. (Doc. 151). Following a hearing before Magistrate Judge Sison, the motion was denied. (Doc. 155). On November 20, 2019, Randle filed a second motion asking the Court to terminate counsel. (Doc. 186). The Court held a hearing and granted the motion. (Doc. 200). A week later, Randle filed a Motion for Reconsideration, which is now pending before the Court. (Doc. 201).

Under Federal Rule of Civil Procedure 54(b), the Court may revise any order

---

[1] The Court originally recruited Attorney Fernandez, Jr. to represent Randle (Doc. 112), but subsequently granted the Motion to Withdraw as Appointed Counsel filed by Fernandez. (*See* Docs. 121, 122).

adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole* v. *CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In the Motion to Reconsider, Randle asks the Court to reappoint Pender or, in the alternative, another attorney because he is not in a condition to represent himself due to various health problems and medications he is currently taking. But a motion to reconsider is not appropriate for making new arguments, and the Court does not find any manifest error of law or fact that would undermine its previous decision. When granting the second Motion to Terminate, the Court considered the entire record and the testimony at the hearing. It was clear that Randle had repeatedly demonstrated an unwillingness to cooperate with Pender and to follow his professional advice.

Furthermore, Randle has not followed the Court's directives regarding court recruited counsel. Once counsel was recruited, the Court repeatedly instructed Randle that he may no longer file anything with the Court in this case, except a pleading asking to withdraw counsel. Despite these instructions, Randle continued to file documents and motions with the Court. (*See* Docs. 112, 117, 130, 137, 146). The Court further advised Randle that while he may not totally agree with counsel's advice, he should realize that, in the long run, such advice will

be in his best interest because it is in compliance with the law. (Doc. 147). He was informed twice that if he filed a motion requesting counsel to withdraw, there was no guarantee that the Court would appoint other attorney to represent him (Doc. 112, p. 3; Docs. 123, p. 2), and yet, he filed two motions to terminate counsel.

As Randle has been informed by this Court, he has no constitutional nor statutory right to court recruited counsel in this case. (Doc. 38, p. 1) (citing *Pruitt v. Mote,* 503 F. 3d 647, 649 (7th Cir. 2007)). "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan,* 750 F. 3d 708, 711 (7th Cir. 2014). As such, "the assistance of a pro bono lawyer in civil litigation is a privilege." *Cartwright v. Silver Cross Hosp.,* 962 F.3d 933, 936 (7th Cir. 2020). Randle failed to take advantage of this privilege, and the Court will not now reconsider terminating counsel simply because Randle has changed his mind. *See Dupree v. Hardy,* 859 F. 3d 458, 462 (7th Cir. 2017) ("[t]he valuable help of volunteer lawyers is a limited resource. It need not and should not be squandered on parties who are unwilling to uphold their obligations…"). Accordingly, the Motion to Reconsider is denied.

**IT IS SO ORDERED.**

DATED:   October 2, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**