**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHARLES RANDLE,** **#M27372,** | |
| **Plaintiff,** | **Case No. 16-cv-01191-SPM** |
| **v.** | |
| **KIMBERLY BUTLER***, et al.***, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to reconsider filed by Plaintiff Charles Randle. (Doc. 235). He asks the Court to reconsider its order granting the motion to enforce the settlement or, in the alternative, recruit counsel to represent him. (*See* Doc. 233).

On February 5, 2021, while Randle was housed at Stateville Correctional Center ("Stateville"), the parties engaged in a settlement conference before Magistrate Judge Sison, and this matter settled in its entirety. (Doc. 221). The parties were given 90 days to finalize the settlement documents. On April 12, 2021, Randle filed a notice, informing the Court he was transferred to Menard Correctional Center ("Menard") and that he no longer intended on signing the settlement agreement. Defendants filed a motion to enforce the settlement, and the Court held a hearing on the motion. (Doc. 229). Based on the testimony at the hearing and the transcript from the settlement conference, the Court determined that on the day of the settlement conference, the parties entered into a valid and enforceable oral settlement. The transcript from the conference demonstrated that there was a clear offer and acceptance, the terms were sufficiently definite and certain, and there was a "meeting of the minds as to the terms of the agreement." (Doc. 233, p. 3)

(citing *Wilson v. Wilson,* 46 F.3d 660, 600 (7th Cir. 1994). The Court further found, based on Randle's testimony, that the interruption by Stateville staff during the settlement conference and Randle's subsequent transfer to Menard and alleged constitutional violations did not influence his decision to settle the case. Specifically, Randle stated that he did not have issues with the terms of the settlement agreement. Randle was directed to complete the settlement paperwork and send the documents back to Defendants by September 1, 2021. (*Id.* at p. 4).

Now Randle asks the Court to reconsider the order enforcing the settlement. He argues that at Stateville he had another inmate, "a prisoner at law (PAL)," assisting him with the settlement conference and written terms and conditions of the settlement agreement. (Doc. 235). He no longer has the assistance of a PAL at Menard and is not competent enough to understand the language drafted in the settlement terms and conditions. He claims he is illiterate with an incomplete high school education and suffers from mental illness. On the day of the settlement conference, he was on a hunger and water strike, which exacerbated his mental illness and cognitive functions. Randle claims that the interruption of the settlement conference by Stateville staff did actually hinder his ability to make competent decisions. During the conference, staff threatened him, and he feared for his life. If the Court will not reconsider its order, Randle requests the Court to recruit him counsel to go over the terms of the settlement agreement with him.

Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or

arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft*, 388 F. 3d 247, 249 (7th Cir. 2004).

Randle's motion does not meet the limited function of a motion for reconsideration. *See Caisse Nationale,* 90 F. 3d at 1269 ("motions for reconsideration serve limited function"). Rather, he incorrectly uses the motion for reconsideration to put forth additional arguments that could have been presented to the Court prior to the ruling on the motion to enforce. *See United States v. Resnick,* 594 F. 3d 562, 568 (7th Cir. 2010) (holding that a motion for reconsideration is not a vehicle for introducing new evidence or advancing "arguments that could and should have been presented" prior to the court's ruling). A motion to reconsider is not appropriate for making new arguments, and the Court does not find any manifest error of law or fact that would undermine its previous decision.

The Court will also not appoint counsel to assist Randle in reviewing the settlement documents. Randle was previously recruited counsel in this case. Once he received representation, Randle "repeatedly demonstrated an unwillingness to cooperate with [Counsel] and to follow his professional advice." (Doc. 206, p. 2). Despite being advised that if he filed a motion requesting counsel to withdraw, there was no guarantee that another attorney would be appointed to represent him, Randle filed two motions to terminate counsel. Ultimately, the Court granted his motion to terminate counsel, and Randle is currently proceeding pro se at his own request.

As previously observed, Randle failed to take advantage of the privilege of pro bono counsel, and thus, the Court will not assign him another attorney at this time. (*Id.* at p. 3). All there is left to do is execute the settlement documents, and Randle is capable of completing this task. Although Randle claims to be illiterate, (Doc. 253, p. 2), based on the record, which contains numerous filings from Randle, and the previous motions for counsel, it is clear that Randle is able

to read and write. (*See* Doc. 3, 62, 201). Additionally, in his current motion, he presents his arguments clearly and even cites to legal citations. Thus, the Court finds that Randle has the ability to continue representing himself and will not assign counsel.

For these reasons, the Court will not reconsider the order enforcing the settlement or recruit Randle counsel. The motion to reconsider (Doc. 235) is **DENIED.** Randle is **ADVISED** that, pursuant to the Court's enforcement order, he must complete and return the settlement paperwork to Defendants no later than **September 1, 2021**. (See Doc. 233). Randle is **WARNED** that refusal to sign and return the documents is grounds for sanctions. The Court may vacate the settlement agreement and dismiss this case with prejudice for failure to comply with an order of the court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Givens v. Vaughn*, No. 16-cv-00303-NJR (S.D. Ill. Nov. 2, 2019) (dismissing case due to plaintiff's failure to obey a court order and sign the settlement documents), *aff'd,* No. 20-2555, 2021 WL 3661206, at \*2 (7th Cir. Aug. 18, 2021). *See also Lewis v. School Dist.* #70, 648 F. 3d 484, 488 (7th Cir. 2011) ("[w]hen a district court judge is unable to dispose of a matter because a recalcitrant plaintiff systematically refuses to obey the court's order, dismissal is justified").

IT IS SO ORDERED.

DATED:   August 24, 2021

   _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**