IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES RANDLE, #M27372,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BUTLER, *et al.*,<br><br>　　　　　　Defendants. | Case No. 16-cv-01191-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for sanctions filed by the remaining Defendants Baldwin and Butler. (Doc. 240). Plaintiff Randle, proceeding pro se, opposes the motion. (Doc. 242). For the following reasons, the motions is granted, and this case will be dismissed with prejudice.

The parties in this case reached a settlement agreement on February 5, 2021, and the Court granted them 90 days to finalize the settlement documents. (Docs. 221, 223). On April 12, 2021, Randle filed a notice, informing the Court he was transferred from Stateville Correctional Center ("Stateville") to Menard Correctional Center ("Menard") and that he no longer intended on signing the settlement agreement. Defendants filed a motion to enforce the settlement, and the Court held a hearing on the motion. (Doc. 229). Based on the testimony at the hearing and the transcript from the settlement conference, the Court determined that on the day of the settlement conference, the parties entered into a valid and enforceable oral settlement. The transcript from the conference demonstrated that there was a clear offer and acceptance, the terms were sufficiently definite and certain, and there was a "meeting of the minds as to the terms of the agreement." (Doc. 233, p. 3) (citing *Wilson v. Wilson,* 46 F.3d 660, 600 (7th Cir. 1994)). The Court further found, based on

Page 1 of 4

Randle's testimony, that the interruption by Stateville staff during the settlement conference, Randle's subsequent transfer to Menard, and alleged new constitutional violations did not influence his decision to settle the case. Specifically, Randle testified that he did not have issues with the terms of the settlement agreement. Rather, he wanted to bring to the Court's attention the disrespectful conduct of Stateville staff and his transfer back to Menard. Randle was directed to complete the settlement paperwork and send the documents back to Defendants by September 1, 2021. (*Id.* at p. 4).

On August 17, 2021, Randle filed a motion asking the Court to reconsider the order enforcing the settlement. (Doc. 235). In the motion, Randle improperly put forth only arguments that could have been presented prior to the ruling on the motion to enforce. Finding that a motion to reconsider is not appropriate for making new arguments, the Court denied the motion. (Doc. 237). Randle was advised that he had until September 1, 2021, to sign and return the settlement paperwork to Defendants. The Court warned him that that refusal to sign and return the documents is grounds for sanctions, including vacation of the settlement agreement and dismissal of the case with prejudice for failure to comply with an order of the court. (Doc. 237, p. 4) (citing FED. R. CIV. P. 41(b); *Givens v. Vaughn*, No. 16-cv-00303-NJR, Doc. 144 (S.D. Ill. Jan. 27, 2020), *aff'd,* No. 20-2555, 2021 WL 3661206, at *2 (7th Cir. Aug. 18, 2021); *Lewis v. School Dist.* #70, 648 F. 3d 484, 488 (7th Cir. 2011).

Randle then filed a motion asking the Court to extend the deadline. (Doc. 238). The Court granted the motion and extended the deadline to September 10, 2021. (Doc. 239). Again, Randle was warned that failure to comply with the Court's order is grounds for sanctions, including dismissal.

On September 20, 2021, Defendants filed the motion for sanctions. (Doc. 240). Defendants state that on September 13, 2021, they received the signed copy of the settlement paperwork.

However, when signing the documents, Randle wrote "under threats, duress, and coercion" above his signature. Because this added language creates concerns with the validity of the agreement, Defendants assert they are unable to agree and sign the settlement agreement. They ask for the Court to sanction Randle for failing to follow the spirit of the Court's Order.

In his response to the motion, Randle does not explain why he added this additional language. (Doc. 242). He states that he signed the agreement "and other necessary information as instructed" and placed the agreement in the institutional mail on September 8, 2021. He states he is in restrictive housing and has no control over when and how the mail is sent. Randle states he has "done his due diligence…and ask[s] this honorable Court to investigate further into the reason of sanctions" proposed by Defendants. (*Id.* at p. 1).

The Court determined that a valid enforceable settlement agreement was reached between Randle and Defendants in February. Randle has since twice been warned that failure to comply with the Court's order directing him to execute the settlement documents would result in sanctions, including dismissal of his case with prejudice. Rather than execute the settlement documents by September 10, 2021, as directed, Randle has failed to comply with the Court's order. He returned to Defendants a signed document that added language indicating that he signed the agreement under coercion and duress. He has effectively unilaterally modified the terms of the settlement agreement, which he cannot do. *See May v. Mitchell,* No. 12 C 5350, 2014 WL 4455032, at *2 (N.D. Ill. Sept. 10, 2014).

The modification to the settlement agreement is in direct conflict with other provisions of the agreement providing that Randle enters into the agreement freely and voluntarily and that changes of the settlement agreement can be made only upon the agreement of Randle, the Illinois Department of Corrections, and the Illinois Attorney General. The new language also contradicts Randle's previous testimony from the settlement conference, in which he confirmed on the record

that no one coerced or forced him into settlement. (*See* Doc. 233, p. 4). Randle has had plenty of time to either sign the documents or contact Defense Counsel or file a motion with the Court if he felt the proposed settlement agreement sent by Defendants did not reflect what was agreed upon by the parties verbally and on the record at the settlement conference. He has not done so.

The deadline to execute the settlement documents has passed, and the Court will not allow Randle to prolong this case any longer. Accordingly, the motion for sanctions (Doc. 240) is **GRANTED**. The settlement agreement is **VACATED** and this case is **DISMISSED with prejudice** for failure to comply with a Court Order pursuant to Rule 41(b). *See Givens v. Vaughn*, No. 16-cv-00303-NJR (S.D. Ill. Nov. 2, 2019) (dismissing case due to plaintiff's failure to obey a court order and sign the settlement documents), *aff'd,* No. 20-2555, 2021 WL 3661206, at *2 (7th Cir. Aug. 18, 2021). *See also Lewis v. School Dist.* #70, 648 F. 3d 484, 488 (7th Cir. 2011) ("[w]hen a district court judge is unable to dispose of a matter because a recalcitrant plaintiff systematically refuses to obey the court's order, dismissal is justified"). The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED:   September 29, 2021

                                             *s/Stephen McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**