IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES RANDLE,
#M27372,

        Plaintiff,

v.

KIMBERLY BUTLER, *et al.*,

        Defendants.

Case No. 16-cv-01191-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court to address a motion to reconsider filed by *pro se* Plaintiff Randle Jones and a motion to reinstate claim. (Doc. 254, 255). For the following reasons, the motions are denied.

After the parties reached a settlement agreement, Randle filed a notice informing the Court that he no longer intended on signing the settlement documents. (Doc. 224). Defendants filed a motion to enforce the settlement, and after holding a hearing, the Court granted the motion. (Doc. 225, 233). Randle was directed to complete the settlement paperwork and send the documents back to Defendants by September 1, 2021. (Doc. 233, p. 4). On August 17, 2021, Randle filed a motion asking the Court to reconsider the order enforcing the settlement. (Doc. 235). The Court denied the motion and again advised Randle that he had until September 1, 2021, to sign and return the settlement paperwork to Defendants. (Doc. 237). He was also warned that failure to sign and return the documents would be grounds for sanctions, including vacation of the settlement agreement and dismissal of the case. Randle then filed a motion asking the Court to extend the deadline. (Doc. 238). The Court granted the motion and extended the deadline to September 10, 2021. (Doc. 239).

Again, Randle was warned that failure to comply with the Court's order is grounds for sanctions, including dismissal.

On September 20, 2021, Defendants moved for sanctions. (Doc. 240). Defendants argued that Randle did not comply with the Court's order and submitted the settlement agreement with the following added language, "under threats, duress, and coercion." Because Randle unilaterally modified the terms of the settlement agreement, which he cannot do, the Court granted the motion, vacated the settlement agreement, and dismissed the case with prejudice for failure to comply with an order of the Court. (Doc. 243).

Randle filed a motion for reconsideration of the order dismissing the case, which the Court denied. (Doc. 245, 246). Randle then filed a motion asking the Court to reconsider the order denying the previous motion for reconsideration, which was also denied. (Doc. 249, 253).

Randle has now filed another motion for reconsideration. (Doc. 254). He argues that the Court should reconsider the dismissal and judgment orders because (1) following the settlement conference he was transferred to Menard Correctional Center ("Menard") and no longer had any help from the "prisoner at law" or "PAL" who was assisting him at Stateville Correctional Center ("Stateville") and that is what caused him to receive sanctions; (2) the settlement agreement resent to him on August 13, 2021, by Defense Counsel was not the same as the settlement agreement originally sent on April 7, 2021; (3) both parties made errors; and (4) he is an inexperienced in litigation. Randle asks the Court not to deem these arguments of new evidence or arguments that could have been presented to the Court prior to judgment because he did not know what the Court's ruling would be.

In the motion to reinstate claim, Randle argues that he was forced by the Court to sign the settlement agreement without counsel or assistance from the PAL from Stateville. (Doc. 255). Thus, he signed the agreement under "duress." Now, he has the assistance of a prisoner law clerk

at Menard and is ready to sign and finalize the original amended settlement agreement sent on April 7, 2021. (Doc. 255).

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). A motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994). Therefore, because Randle has filed his third motion to reconsider more than 28 days after entry of the dismissal and judgment order, the Court construes the motion as filed under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows relief from a judgment for six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000).

The Court finds that no exceptional circumstances exist warranting relief from the final judgment in this case. Following judgment, Randle's arguments for why he did not sign and return the settlement agreement, as directed, have changed with each filing. First, Randle argued the Court should not have implemented sanctions and dismissed the case because he was diligent in returning the settlement documents to Defendants by placing the documents in the institutional mail prior to the deadline. (Doc. 245). He stated it was out of his control if Defendants received

the documents late. Next, Randle argued that he added language to the settlement agreement because he was following the advice of a jailhouse lawyer and did not know that he was improperly amending the agreement. (Doc. 249). Now, Randle's main argument is that the settlement documents sent to him on August 13, 2021, were not the same as the agreed upon language originally sent to him on April 7, 2021. He states he was under duress because the Court informed him that he "must" sign the settlement documents. Throughout his motions, Randle continues to assert that he could not sign the settlement agreement because he did not have counsel and does not know the law. (Doc. 254, 255).

As Randle is aware, Rule 60(b) "cannot be used to present evidence that with due diligence could have been introduced before judgment on the motion from which the party is seeking relief." *Rutledge v. U.S.,* 230 F. 3d 1041, 1052 (7th Cir. 2000). If he believed that the settlement agreement sent to him on August 13, 2021, was not the agreed upon language or waivered from the material terms orally agreed upon at the settlement conference held on February 9, 2021, then Randle should have alerted the Court at the time. He did not. Rather, after the Court directed Defendants to resend him the settlement documents, Randle filed a motion asking the Court to reconsider the Order enforcing the settlement. (Doc. 235). He then filed a motion for an extension of time asking for more time to sign and return the settlement documents. (Doc. 238). Although Randle did not know how the Court would rule on the motion for sanctions, now is not the time to present facts that could have been presented before sanctions were awarded and the case dismissed.

Randle continues to state he had "doubt and uncertainty" regarding the settlement documents sent to him by Defense Counsel because he does not know the law and needed legal assistance. The Court has already addressed Randle's complaints that he required counsel in order to read and sign the settlement documents in the previous order denying the motion to reconsider enforcement of the settlement. (Doc. 237). The Court found and still finds that Randle was more

than capable of representing himself during and after the settlement conference.[1] For these reasons, the motion for reconsideration and the motion to reinstate claim are **DENIED.** (Doc. 254, 255).

The motion for status is **DENIED as moot** in light of this Order. (Doc. 256).

**IT IS SO ORDERED.**

**DATED:   April 11, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

---

[1] As an example of Randle's capabilities, the Court notes that in his motion seeking to terminate his court recruited counsel, Randle cites to case law and the Federal Rules of Civil Procedure and is confident enough in his legal knowledge to disagrees with his counsel's handling of the case and elect to proceed *pro se*. (Doc. 186).